IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-01977-RPM
(Consolidated with Civil Action No. 02-cv-01978-RPM for pretrial purposes)

DOUGLAS CHEESMAN,
ROXANNE LEWIS,
DOUG MACKEY, and
LORI R. VALDEZ,

    Plaintiffs,
v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., and
QWEST CORPORATION,

    Defendants.

## ORDER OF DISMISSAL

In their Second Amended Class Action Complaint, accepted for filing by this Court's order of February 27, 2008, Douglas Cheesman, a resident of Arizona, Roxanne Lewis, a resident of Minnesota, Lori Valdez, a resident of New Mexico, and Douglas Mackey, a resident of Washington, alleged that they were purchasers of local telephone service from the defendant Qwest Communications International, Inc., and Qwest Corporation (Qwest) in their respective residences from October 2, 2000, through July 8, 2004. They further allege that the regulatory commissions in their respective states held hearings and found Qwest in violation of the requirements of the Telecommunications Act of 1996, 47 U.S.C. § 151 *et seq.* by entering into interconnection agreements with McLeodUSA., Inc., and Eschelon Telecom at rates discounted 10% from filed rates without complying with the Act's requirement that such agreements must be filed with the state regulators for approval as required by Section 252. The regulatory agencies entered extensive findings and concluded that these

secret agreements constituted anti-competitive behavior depriving customers of the benefit of a marketplace freely and fairly open to competition both by depriving other local exchange carriers of the favored rates and discouraging the entry of other carriers into the local markets served pursuant to these secret agreements.

The first claim of the plaintiff is that the findings and orders of these regulatory commissions show that Qwest has violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by entering into agreements or a conspiracy in restraint of trade. They seek damages on behalf of all subscribers to basic local exchange service in their states by means of traditional circuit-switched twisted pair wire line facilities during the period from October 2, 2000, through July 8, 2004, with damages estimated to be in the tens of millions of dollars. The complaint is filed as a class action complaint.

The defendants moved for summary judgment on that claim and the issues have been briefed fully.

This Court previously addressed the legal issues raised in the earlier consolidated amended class action complaint in the Order Denying Class Certification, entered September 10, 2007. While the analysis made in that order addressed the requirements of Fed.R.Civ.P. 23 for class certification, it is applicable to the present motion for summary judgment on the first claim for relief ("Count 1") of the second amended complaint and is incorporated by this reference.

The plaintiffs have not shown in their second amended complaint or in their memorandum in opposition to the defendants' motion for summary judgment on the Sherman Act §1 claim that they have any support for the claim of the antitrust violation beyond the findings of the regulatory commissions in their respective states. What has been explained previously and again is repeated is that the Supreme Court made clear

in *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP,* 540 U.S. 398 (2004) that the Telecommunications Act of 1996 did not make any changes in antitrust law.

Accordingly, the question presented here is whether the findings and conclusions of these regulatory agencies describe conduct which is in violation of Section 1 of the Sherman Act. The agreements that were not filed are not illegal *per se* and do not constitute restraints of trade or injury to competition within the meaning of antitrust law. There is a difference between Qwest's failure to promote competition as required in the Telecommunications Act of 1996 and the prohibition on injury to competition prohibited by the Sherman Act.

The plaintiffs' opposition suggests that the McCleod agreement is a statutory restraint of trade by virtue of its status as a bribe. That pejorative comment does not influence the legal analysis. The defendants are entitled to summary judgment on the Sherman § 1 claim.

The second claim for relief in the second amended complaint alleges a claim for discrimination in violation of Section 202 of the Federal Communications Act of 1934, 47 U.S.C. § 202(a). The defendants' motion seeking dismissal of that claim is evaluated under Fed.R.Civ.P. 12(b)(6). The defect in the claim is that the plaintiffs have failed to show injury from a discriminatory rate given to the favored local carriers under the secret contracts. The damages that are alleged are speculative are conjectural. As the Supreme Court observed in *I.C.C. v United States ex rel. Campbell*, 289 U.S. 385, 390 (1933) the damages in a rates discrimination case are not how much better off the complainants would be today if they had paid a lower rate but how much worse off they are because others paid less. Here the plaintiffs are saying that they may have

3

received a lower rate if another carrier had come into their respective local exchange markets if they had known of the availability of making interconnection agreements with Quest on the same terms as the two secret agreements.

The remaining claims of the second amended complaint are for violations of the respective state consumer protection act claims.  The theory addressed is that Qwest misrepresented market rates for interconnection when it sold interconnection services to Qwest's local telephone business competitors.  Those statutes are preempted by the Telecommunications Act of 1996 because the deception of the state regulatory agencies by the failure to disclose the rates in the secret interconnection agreements are to those agencies acting under their authority granted by the federal statute.  Additionally, the deception that may be considered to have been practiced on competing local exchange carriers does not constitute deception of consumers within the scope of these respective statutes.  These claims are dismissed under Fed.R.Civ.P. 12(b)(6).

Upon the foregoing, it is

ORDERED that the defendants' motion for summary judgment of dismissal of the first claim for relief of the second amended complaint is granted.  It is

FURTHER ORDERED that the other claims for relief in the second amended complaint are dismissed for failure to state claims for relief under Fed.R.Civ.P. 12(b)(6).

DATED:   May 12th, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge